IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01014-KLM

HOLLY T. VIGIL,

   Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,[1]

   Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[2] on the **Social Security Administrative Record** [#10],[3] filed October 11, 2016, in support of Plaintiff's Complaint [#1] seeking review of the decision of Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claim for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq., and for supplemental security income benefits pursuant to Title XVI of the Act, 42 U.S.C. § 1381 et seq. On August 15, 2016, Plaintiff filed an Opening Brief [#14] (the "Brief"). Defendant filed a Response [#15] in opposition. No Reply was filed. The Court

---

[1] On January 23, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill is therefore "automatically substituted" as the properly-named Defendant in this action.

[2] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See* [#12, #18].

[3] "[#10]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c). The Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the decision of the Commissioner is **REVERSED** and this case is **REMANDED** for further proceedings.

## I. Background

Plaintiff alleges that she became disabled at the age of thirty-three on October 15, 2011. Tr. 152, 159.[4] On March 29, 2013, Plaintiff filed applications for disability insurance benefits under Title II and for supplemental security income under Title XVI. Tr. 134-51. On November 4, 2014, an Administrative Law Judge (the "ALJ") issued an unfavorable decision. Tr. 20.

The ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2016, and that Plaintiff had not engaged in substantial gainful activity ("SGA") since October 15, 2011, the alleged onset date. Tr. 14. The ALJ found that Plaintiff suffers from three severe impairments: (1) bilateral carpal tunnel syndrome; (2) cervical degenerative disc disease; and (3) obesity. Tr. 14. However, the ALJ also found that these impairments, individually or in combination, do not meet or medically equal "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." Tr. 14-15. The ALJ next concluded that Plaintiff has the residual functional capacity ("RFC") to perform a limited range of light work:

> . . . except the claimant can occasionally lift and/or carry 20 pounds and frequently 10 pounds; stand and/or walk about six hours in and [sic] eight-

---

[4] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 10 through 10-8 by the sequential transcript numbers instead of the separate docket numbers.

hour workday; and sit for a total of about six hours in an eight-hour workday. The claimant cannot push/pull with the left upper extremity, due to no range of motion with the left wrist. The claimant can frequently climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; frequently stoop, kneel, and crouch, and occasionally crawl. The claimant can reach in any direction (including overhead), occasionally handle (gross manipulation), and finger and feeling without limitation. The claimant has no visual, communicative, or environment limitations.

Tr. 15. Based on the RFC and the testimony of an impartial vocational expert ("VE"), the ALJ found that Plaintiff was able to perform past relevant work as a cashier II. Tr. 19. He therefore found Plaintiff not disabled at step four of the sequential evaluation. Tr. 19-20. The ALJ's decision has become the final decision of the Commissioner for purposes of judicial review. 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review and Applicable Law

Pursuant to the Act:

[T]he Social Security Administration is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)). Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a); *see also Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). The existence of a qualifying disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. §§ 423(d)(3),

-3-

423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). However, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (quoting *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000)). In other words, the Court does not reexamine the issues de novo. *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F. 3d 739, 741 (10th Cir. 1993). Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo.*" *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

**A.    Legal Standard**

The Social Security Administration uses a five-step framework to determine whether

a claimant meets the necessary conditions to receive Social Security benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."). The Commissioner bears the burden of proof at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether a claimant is "presently engaged in substantial gainful activity." *Wall*, 561 F.3d at 1052 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). If not, the ALJ considers at step two whether a claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Wall*, 561 F.3d at 1052 (citing 20 C.F.R. § 404.1521). Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the "Listings." *Wall*, 561 F.3d at 1052 (quoting *Allen*, 357 F.3d at 1142). "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work." *Wall*, 561 F.3d at 1052 (citing *Allen*, 357 F.3d at 1142). "Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient [RFC] to perform other work in the national economy." *Id.*

**B.     Substantial Evidence**

An ALJ must consider all evidence and explain why he or she finds a claimant not

disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). However, the ALJ need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record . . . ." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III. Analysis

Plaintiff requests judicial review of the ALJ's decision denying her disability insurance benefits and supplemental security income. *Brief* [#14] at 2. Specifically, Plaintiff argues that: (1) the ALJ erred by finding that Plaintiff's mental impairments were "non-severe;" (2) the ALJ erred because the RFC he assessed "did not reflect all the practical implications of Plaintiff's documented impairments and limitations;" (3) the ALJ erred "by failing to have a qualified psychologist or psychiatrist review the record in light of Plaintiff's medically determinable impairments;" and (4) the ALJ erred "by relying on the opinion of a single decision-maker (SDM) to form the basis of his RFC finding." *Id.*

**A.     Step Two: Mental Impairments**

Plaintiff takes issue with the ALJ's determination that Plaintiff's mental impairments were not "severe" at step two, although, given that the ALJ continued his analysis through step four, it is unclear whether Plaintiff is asserting that the ALJ committed reversible error on this point.  *See Brief* [#14] at 4-5.

The Tenth Circuit Court of Appeals has addressed how an ALJ's purported error at step two in failing to find a specific impairment to be "severe" is harmless so long as the ALJ found at least one other impairment to be "severe" and thus proceeded to later steps of his analysis:

> An impairment is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).  A claimant must make only a *de minimis* showing to advance beyond step two. *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004).  To that end, a claimant need only establish, and an ALJ need only find, one severe impairment.  *See Oldham v. Astrue*, 509 F.3d 1254, 1256-57 (10th Cir. 2007) (noting that, for step two, the ALJ explicitly found that the claimant "suffered from severe impairments," which "was all the ALJ was required to do").  The reason is grounded in the Commissioner's regulation describing step two, which states: "If you do not have a *severe* medically determinable physical or mental impairment . . . or a combination of impairments that is severe . . . , we will find that you are not disabled."  20 C.F.R. § 404.1520(a)(4)(ii) (emphasis added).  By its plain terms, the regulation requires a claimant to show only "*a* severe" impairment—that is, *one* severe impairment—to avoid a denial of benefits at step two.  *Id.* (emphasis added).  As long as the ALJ finds one severe impairment, the ALJ may not deny benefits at step two but must proceed to the next step.  Thus, the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe.  Here, the ALJ found six other impairments severe.

*Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016).  In the instant case, the ALJ found three other impairments to be severe. Tr. 14.  Thus, the ALJ found that Plaintiff could not conclusively be denied benefits at step two and proceeded to steps three and four of his analysis.  Thus, to the extent Plaintiff may be arguing that the ALJ erred at step two, such

-7-

error is not reversible.  *Allman*, 813 F.3d at 1330.

**B.	Step Three: Mental Impairments**

"At the third step [of the five-step evaluation process], we [will] consider the medical severity of your impairments(s).  If you have an impairment(s) that meets or equals one of our listings in appendix I of this subpart *and meets the duration requirement*, we will find that you are disabled."  *Williams v. Berryhill*, 682 F. App'x 665, 667 (10th Cir. 2017) (quoting 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii)) (emphasis added).  In order to qualify under a listing, the evidence must "establish that all of the medical conditions were present at the same time for at least twelve months."  *Patterson v. Colvin*, 662 F. App'x 634, 637 (10th Cir. 2016) (citing 20 C.F.R. §§ 404.1525(c)(3) (to satisfy listing criteria, impairment must "satisf[y] all of the criteria of that listing" and "meet[ ] the duration requirement"); 404.1509 (durational requirement means the impairment "is expected to result in death, [or] it must have lasted or must be expected to last for a continuous period of at least 12 months").

Plaintiff argues that the ALJ erred at step three by failing to obtain the opinion of a qualified psychologist or psychiatrist on whether Plaintiff's mental impairments equaled a listing equivalence.  *Brief* [#14] at 6.  However, the issue of equivalence does not matter in the absence of evidence that the twelve-month duration requirement is met.  *See Davison v. Colvin*, 596 F. App'x 675, 678 (10th Cir. 2014) ("But at all times, to qualify as meeting the requirements of a listing, a claimant must establish that his impairment meets the twelve-month duration requirement.").  The medical evidence at most supports that Plaintiff sought treatment for depression-related symptoms over a five-month period extending from November 2013 through March 2014.  Tr. 15, 460-67.  As the ALJ noted,

-8-

in November 2013, Plaintiff's physician anticipated a length of incapacitation of only three-to-six months. Tr. 15, 457. Plaintiff directs the Court's attention to no evidence overlooked by the ALJ which demonstrates that the twelve-month duration requirement is met here. Thus, the ALJ did not reversibly err by failing to get an opinion of listing equivalency from a qualified psychologist or psychiatrist, because Plaintiff's claim could not have succeeded at step three regardless.

**C.     Step Four: SDM Limitations**

Plaintiff next argues that the ALJ erred by asking the VE at the administrative hearing to assume a set of hypothetical limitations matching those provided by an SDM in the record, and to identify jobs a claimant with those limitations could perform. *Brief* [#14] at 7. Plaintiff notes that those hypothetical limitations matched the ALJ's later RFC finding, and therefore Plaintiff believes that the ALJ impermissibly relied on the SDM's opinion. *Id.*

Plaintiff's argument here is strikingly similar to the argument made by the claimant in *Mata v. Colvin*, No. 16-cv-00398-RBJ, 2017 WL 393420, at *5 (D. Colo. Jan. 30, 2017), and the Court's opinion there is equally applicable here:

> Lastly, I disagree with plaintiff's contention that it is clear from her decision that the ALJ relied on the SDM's opinion. As plaintiff correctly points out, this would have been improper. *See Ky v. Astrue*, No. 08-cv-00362-REB, 2009 WL 68760, at *3 (D. Colo. Jan. 8, 2009) ("[A]n SDM is not a medical professional of any stripe, and the opinion of an SDM therefore is entitled to no weight."). However, here, the ALJ never mentioned the SDM by name or the SDM's opinion in her decision. . . . [P]laintiff's argument that the ALJ intended to rely on the SDM's opinion in crafting her own is pure speculation and quite unlikely since she never mentioned the SDM's opinion in her decision. Finally, it is no coincidence that the ALJ's RFC and the SDM's opinion are somewhat similar—they are based on the same record of medical evidence. I'd be more concerned if these two opinions were miles apart . . . .

(some internal citations omitted). In the instant case as well, the ALJ never mentioned the SDM or the SDM's opinion. *See* Tr. 15-19. Plaintiff does not argue that any specific part of the ALJ's physical RFC is incorrect or unsupported by substantial evidence. Accordingly, the Court cannot find reversible error based on the ALJ asking the VE a hypothetical at the hearing which corresponded with the SDM's opinion.

**D.     Step Four: Mental Impairments**

Finally, Plaintiff argues that the ALJ erred by failing to consider her mental impairments in connection with his step four RFC finding. *Brief* [#14] at 3-5. At step three of his analysis, the ALJ reviewed the medical evidence underlying Plaintiff's claim of depression as a disabling impairment. Tr. 15. He ultimately found that "the claimant's depression results in no more than mild restrictions in activities of daily living; mild difficulty maintaining social functioning; mild difficulty in concentrations, persistence, or pace; and no episode of decompensation," and so he found that "the claimant's depression is not a severe impairment and does not meet or equal a listed impairment." Tr. 15. The ALJ did not further address Plaintiff's mental limitations in formulating the RFC at step four. *See* Tr. 15-19.

A similar situation was directly addressed by the Tenth Circuit Court of Appeals in *Wells v. Colvin*, 727 F.3d 1061, 1068-72 (10th Cir. 2013):

> First, a conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five. In his RFC assessment, the ALJ must consider the combined effect of all medically determinable impairments, whether severe or not. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). . . . The language used suggests that the ALJ may have relied on his step-two findings to conclude that [the claimant] had no limitation based on her mental impairments. If so, this was inadequate under the regulations and the Commissioner's procedures.

In assessing a claimant's RFC, "[t]he adjudicator must remember that the limitations identified in the 'paragraph B' . . . criteria [for severity] are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." SSR 96–8p, 1996 WL 374184, at *4. "The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments . . . ." *Id.*

[T]he Ruling provides additional guidance concerning the focus of the ALJ's assessment of the claimant's mental RFC. "Work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." *Id.* at *6. Moreover, the "RFC assessment must include a narrative discussion describing how the evidence *supports each conclusion*, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7 (emphasis added). . . .

To sum up, to the extent the ALJ relied on his finding of non-severity as a substitute for adequate RFC analysis, the Commissioner's regulations demand a more thorough analysis. *See* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). . . . We must therefore remand for further proceedings concerning the effect of [the claimant's] medically determinable mental impairments on her RFC, and for further analysis at steps four and five, including any further hearing the ALJ deems necessary, in his discretion.

In the instant case, the ALJ provided no discussion at step four of Plaintiff's medically determinable mental impairments. The ALJ found that Plaintiff has "mild" restrictions in three of the relevant functional areas at step three. Tr. 15. If the ALJ had found that Plaintiff's medically determinable impairments posed *no* restriction on her ability to work, then "[s]uch a finding would obviate the need for further analysis at step four." *Wells*, 727 F.3d at 1065 n.3. However, given the ALJ's finding of "mild" restrictions in some functional areas, further analysis was required at step four. *Id.* In short, "[u]nder the regulations, . . . a finding of non-severity alone would not support a decision to prepare an RFC assessment omitting any mental restriction." *Id.* at 1065.

Thus, based on *Wells*, the Court finds that the ALJ committed reversible error in his formulation of Plaintiff's RFC by failing to discuss and, if appropriate, include further restrictions in connection with Plaintiff's mental impairments.

## IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not disabled is **REVERSED** and this matter is **REMANDED** for further proceedings consistent with this opinion.[5]

IT IS FURTHER **ORDERED** that Plaintiff is **AWARDED** her costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1). *See Knuutila v. Colvin*, 127 F. Supp. 3d 1146, 1153 (D. Colo. 2015).

Dated: September 5, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[5] The Court finds that this case does not present a proper occasion on which to exercise its discretion and direct the award of benefits. *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993). By reversing the ALJ's decision, the Court does not find or imply that Plaintiff is or should be found disabled. *See, e.g.*, *Knuutila v. Colvin*, 127 F. Supp. 3d 1146, 1152 n.5 (D. Colo. 2015).